## Morris *et al. v.* Hillery *et al.*

Under the statute of Mississippi declaring all notes joint and several, a member of a firm may be a co-plaintiff in a suit on a promissory note against another firm of which he is partner, provided he is not also joined in the action as defendant. In joint contracts, where all the parties must be sued jointly, the rule is different.

IN ERROR from the circuit court of the county of Yallabusha.

Morris, Howard & Co. instituted a suit on a promissory note made by Hillery, Talbert, Wright, *et al.* James M. Howard, one of the plaintiffs, was also a partner in the firm which made the note sued on; but he was not joined in the action. The defendants pleaded in abatement that Howard, one of the plaintiffs, was also one of the makers of the note sued on. Plaintiffs demurred to the plea, and the court overruled the demurrer and gave judgment for the defendants. Writ of error to this court.

WILLIAM YERGER for plaintiff in error.

I admit the rule of the common law to be, that where an individual is a common partner in two concerns, no legal contract, that is, no contract to be enforced at law, can arise between the partnerships; and therefore no engagement entered into, or debt incurred by the one with or to the other, can be enforced at law. Gow on Part. 101, 131; 8 Serg. & Rawle, 30; 2 Marsh. 319; S. C. 6 Taunt. 597; 1 Bos. & Pull. 120; 1 B. & A .664; 1 Starkie, 78; 9 B. & C. 241; 4 M. & R. 206.

It is also admitted that a man cannot be both plaintiff and defendant in the same suit either in law or equity, and from this last the foregoing principle is adduced. These principles do not in the slightest degree militate, as I believe, against the plaintiff's right to recovery, though we apprehend that the judgment of the circuit court was based upon a mistaken application of them. In actions against partners the common law rule is, that all the part-

6*

Morris *et al. v.* Hillery *et al.*

ners must be sued, or the action may be abated upon plea. Therefore it is that where A is a member of two different firms, neither firm can sue the other, because A is a necessary party, both plaintiff and defendant, in the same action. Gow on Partnership, 137, 181, 131.

In this state all contracts are joint and several, or several. There is no such thing as a joint contract, and the plaintiff may sue any number of the obligors in the same action. How. & Hutch. 578, 594–5. When, therefore, the promissory note sued on was made, there immediately grew up a several and individual liability on the part of each maker to pay the debt, and the plaintiffs had a right of action against any one or all of the makers. The note declared upon was not made by a partnership of which James Howard was a member, payable to another partnership of which he was likewise a member. It is a contract entered into severally and individually, and for which each is severally and individually bound, and for which an action against them individually could be maintained. It is true no action at law could be maintained against James Howard. Why? Because he would be plaintiff as well as defendant in the suit; still a bill in equity would lie against him by the other partners. Gow on Partnership, 132; Carey on Partnership, 92.

The contract, so far as James Howard's liability is concerned, never in fact existed at law, and as a legal contract it is void as to him, though capable of enforcement in equity; still this does not discharge the other joint and several makers of the note. Upon this point the law is clear. Although a contract be entirely void and incapable of enforcement in law or equity against one of several co-contractors, yet this is not a discharge of the remainder. Look, for instance, at the case of an infant or married woman, comakers with a third party of a promissory note; although the note be void as to the infant or *feme covert*, yet it can be enforced against the other maker. 1 Miles R. 294; Bingham on Infancy, 49 ; 1 M. & P.'s Dig. 428 ; Chitty on Bills, 23, 24, 25, 26 ; 15 Mass. R. 272; 1 Mod. 25; Bayley on Bills, 39.

What right have these defendants to insist that James Howard was bound also to pay the debt? It is certain they owe it, and that they promised to pay it, and it is also clear that a separate

action could be maintained against each of them. They have no right to complain that James Howard is only liable in equity. That is a personal privilege attached to James Howard individually, by reason of his position. It may be said that if the defendants pay the debt, they have a right to call on James Howard for his rateable share. I admit this to be true; but their right against him is an individual right, which they can only enforce against him individually, and with which the firm of Morris, Howard & Co. have nothing to do, nor any connection. Suppose that the defendants owed the firm of Morris, Howard & Co. five thousand dollars, and Howard, one of the partners, owed the defendants the same amount. It would not be pretended that the defendants could set up as a defence to an action by the firm against them the claim against Howard by way of set-off. Why? Because their right of action is against Howard only. The debt is a personal debt of Howard's. He is individually and personally liable for it, and it would be a palpable injustice to the balance of the firm to defeat a claim which they held jointly against the defendants, by one which the defendants held against Howard only, with which the other members of the firm have no connection, and are nowise bound to settle in law or equity. The two cases are nearly parallel. The defendants here owe the plaintiffs; that they admit, but they say that one of the plaintiffs individually also owes the same debt to the firm. It does seem strange that the defendants should insist that because the plaintiffs cannot maintain an action at law against their co-partner, they shall not maintain it against them, although they admit the justness of the debt, and although no valid legal reason exists why they should not be sued. For if a recovery is had against them, they have their action for contribution against Howard for his separate share, precisely as they would have to recover a separate individual debt against him. If the note were absolutely void in law and equity as to Howard, the defendants would then certainly be liable in the action brought, as is shown in the case of the note of an infant and a third person, where such third is bound, though the infant is entirely discharged. Surely the defendants cannot then complain that they are sought to be held liable in this way, when they have a right of contribution against Howard; inasmuch as if the note were

absolutely void as to Howard, the action could be maintained against them.

The law endeavors to enforce the contracts of individuals as they make them, and unless there is some valid reason against it, they will so enforce them. It has been decided by the Supreme Court of the United States, that if A., one of the members of the firm of B. & Co. make a note payable to C., another member of the same firm, for the use of the company, that C. may maintain an action in his name for the use of the company against A. It seems clear that if such an action could be maintained, the action was well brought in the case at bar. 1 Chit. Pl. 44 to 47; 3 Cond. P. R. 14.

In the case before the court, the defendants justly owe the debt to the plaintiffs. It is true one of the plaintiffs is individually liable to the firm for the same debt; but no rule of law requires him to be sued. He is not a party defendant, and need not be such to the record. The liability on the note is several, and as there exists no technical necessity that he should be made a defendant, it does seem to me that the action is well brought. As the defendants owe the debt individually, and are severally liable to pay it, as Howard is not a party defendant, and by the rules of practice in this state need not be, so that the technical objection that a party is both plaintiff and defendant cannot apply. What good reason exists why this contract should not be enforced in the manner the parties made it? I am at a loss to perceive any.

In Scotland, suits between companies in which the same individual is a partner, are every day sustained as unexceptionable. In the United States and England, similar actions may be maintained in equity. Gow on Partnership, 133; Carey on Partnership, 92. An action on this note is maintainable in equity by the remainder of the company against James Howard, and it might have been maintained at law but for the fact that in an action at law all the partners must join in the suit as plaintiffs, in which case the record would have presented the anomaly of a person both plaintiff and defendant in the same suit. This objection to the form of the action does not exist in the present case, and as the contract was valid and just, and may be enforced at law without violating the technical rules of pleading or practice, a court of law

will do right between the parties, upon the maxim that " it is better to enforce than destroy the contracts of parties," " *ut res magis valeat quam pereat.*"

If it had been necessary to have sued all the makers of the note together, in this action, the defendant's plea would have been good, as a plea in abatement for want of parties; and if James Howard had been sued, they would perhaps have been good pleas, because the same person would have been both plaintiff and defendant. But as it was not necessary to sue James Howard, and as he was not sued, the demurrer of the plaintiff should have been sustained.

But if James Howard had been sued, and had not set up the defence, was it competent for the remainder of the parties to the note to have pleaded it for him? In equity James Howard was bound on the note. If sued at law, he could clearly have waived the question of jurisdiction, and have suffered judgment by default or otherwise. It is a personal privilege like the plea of infancy, usury, duress or fraud, which he was alone interested in pleading, and in which the other parties had no interest. The contract between him and his partners was not immoral or vicious; the consideration on which it is founded is a good one, both as to him and the other parties to the note. The mere technical defence as to the form of action was a personal privilege, which he might or might not have waived, as he saw fit. If he had waived the defence, no other defendant in the same action could have pleaded it for him. The cases before cited in reference to infancy, coverture, &c., prove this. Bingham on Infancy, 49; 1 Modern R. 25.

Had James Howard been sued, then, and waived the technical defence which he might have done, the other defendants could not have pleaded. *A fortiori*, then, as James Howard was not sued, as by the laws he need not have been sued, and the action was technically well brought without him, these defendants cannot set up as a defence a mere personal privilege, which Howard might have waived had he been a defendant.

GHOLSON for defendant in error.

The question to be decided in this case, arises on a demurrer of the plaintiffs to two of the pleas of the defendants. The action is founded on a joint and several promissory note, and James M.

Howard, one of the plaintiffs, also signed and executed the note sued on. This fact was plead in bar in two pleas, and the question to be decided is simply whether it was a bar to the action.

It is submitted, that it was, both on principle and authority. The case of Stevens *et al. v.* West and Hamilton, 1 Howard, 308, is very nearly similar to this, and decides the same principle.

The case of Moffat *et al. v.* Van Mullingen, 18 English Com. Law Rep. 410, cannot be distinguished from the present. In that case the same plea was put in, that the promises were made jointly with one of the plaintiffs and others not sued. The court held that it was a good bar to the action, saying that " in a court of law a man cannot sue himself." It will be observed, that in the case cited, one of the plaintiffs had not actually sued himself, but the court considered that it amounted to the same thing.

*Per Curiam.*

The plaintiffs, as a mercantile firm, sued on a promissory note made by fifteen persons, only five of whom were sued. James M. Howard was one of the makers of the note, but he was not sued. He was also a member of the firm of Morris, Howard & Co., and of course a plaintiff in the action. The defendants who were sued, pleaded that Howard the plaintiff was also a maker of the note, and the plaintiff demurred; and the question is, can an action at law be sustained on this note against defendants, other than Howard.

If the cause of action was joint only, it is clear that it could not, because a party cannot be plaintiff and defendant, and in joint causes of action all must be joined. But the statute makes all notes, and even the contracts of partners, joint and several, and provides also that any number of the makers may be sued. It is the separate note of each maker; the holder may sue one or more, and if he omit to sue part of the makers, they have no concern in the suit. If Howard had been sued in this suit, that would have been a defect, but he is not, and the others cannot set up his liability as a defence. The action must be well brought.

The case of Stevens and Pettis *v.* West and Hamilton, 1 Howard, 308, has been cited in support of the defence, but that case was decided on a different principle altogether, which arose out of

a feature in the case very different from any thing which is presented by this case.   West was a joint maker of a note made by Stevens and Pettis, payable to a third person, who indorsed it to West and Hamilton, West the maker being one of the firm.   This was regarded as a payment of the note by West, who was bound to pay it.   By receiving his own note, West extinguished it, he being bound to lift it.   It was observed that he was only discharging his duty, and that having paid the note he had his recourse for contribution against his co-makers.   This was the principle on which that case turned.   If this note had been made payable to a third person, and indorsed to the plaintiffs, then the two cases would be alike, but as it is they are not.   Howard has not lifted his note as West did.

A case in 18 Eng. Com. Law Rep. is also referred to.   That was evidently a joint cause of action, and decided on that ground exclusively, and the rule is so different in relation to joint contracts and those which are several, that it cannot be regarded as authority in this case.

We may also mention the distinction between notes of this kind and the common law rule as to bonds.   The right of action being discharged as to one, releases the others, on the ground that there is but one duty, and by destroying the right to contribution, the obligation is gone.   But here there never was a legal liability on the part of Howard.

For these reasons we think the demurrers to the pleas should have been sustained, and the judgment is accordingly reversed and the cause remanded to be tried on the issues.